United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

PHI HEALTH, LLC f/k/a PHI AIR MEDICAL, L.L.C.,

Plaintiff/Counter-Defendant,

VS.

WFAS, INC.

Defendant/Counter-Plaintiff.

HIDALGO COUNTY EMERGENCY SERVICE FOUNDATION, d/b/a Hidalgo County EMS, and d/b/a South Texas Air Med,

Intervenor,

VS.

PHI HEALTH, LLC f/k/a PHI AIR MEDICAL, L.L.C.,

Defendant.

CIVIL ACTION NO. 7:20-cv-00196

**OPINION AND ORDER**

The Court now considers Plaintiff PHI Health, LLC f/k/a PHI Air Medical, L.L.C.'s (PHI's) "Motion for Summary Judgment."[1] Neither Defendant nor Intervenor filed a response within the time for doing so, rendering Plaintiff's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion with respect to Defendant's counterclaim for breach of contract but **DENIES** the remainder of Plaintiff's motion.

[1] Dkt. No. 26.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a contract dispute. On March 1, 2019, Plaintiff PHI entered a "Patient Transport Services Agreement" with Defendant WFAS, Inc. (WFAS) to provide emergency medical helicopter flight transportation services.[3] PHI was to provide a fully equipped helicopter including its pilot and maintenance personnel and flight operations services in exchange for monetary compensation.[4] On October 31, 2019, PHI sent WFAS a notice of default indicating that WFAS had failed to properly pay amounts due under the parties' agreement.[5] On July 21, 2020, PHI filed a breach of contract claim in this Court.[6]

Defendant WFAS initially answered in Court on August 21, 2020.[7] Twenty-one days later,[8] WFAS filed an amended answer and counterclaim.[9] That amended answer, for the first time, referenced Hidalgo County Emergency Services Foundation d/b/a Hidalgo County EMS and d/b/a South Texas Air Med (HCEMS).[10] The Court determined that HCEMS had properly intervened in the case and was asserting claims for (1) breach of contract as a third party beneficiary against PHI and (2) intentional violation of HCEMS's automatic bankruptcy stay.[11] Around this time in these proceedings, viz. April or May 2021, Defendant WFAS and Intervenor HCEMS appear to have abdicated and stopped communicating with their counsel.[12] The Court eventually granted counsel's withdrawal.[13] In a June 2021 opinion, the Court denied HCEMS's motion for continuance and granted PHI's motion for summary judgment with respect to

[3] Dkt. No. 1 at 2, ¶ 8.
[4] Dkt. No. 1-1; *see* Dkt. No. 1 at 1, ¶ 9.
[5] Dkt. No. 1 at 2–3, ¶ 10.
[6] *Id.* at 3, ¶¶ 11–16.
[7] Dkt. No. 7.
[8] *See* FED. R. CIV. P. 15(a)(1)(A) (enabling parties to file an amended pleading as a matter of course within 21 days after serving it).
[9] Dkt. No. 9.
[10] *Id.* at 3, ¶ 23.
[11] Dkt. No. 20.
[12] *See* Dkt. No. 23.
[13] Dkt. No. 25.

HCEMS's claim for breach of contract.[14] Subsequently, PHI filed the instant motion for summary judgment seeking a favorable judgment with respect to PHI's claim for breach of contract against WFAS and with respect to WFAS's counterclaim for PHI's breach of contract.[15] Expectedly, neither WFAS nor HCEMS has timely responded. The motion is ripe for decision.[16]

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[18]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[19] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[20] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[21] In

---

[14] Dkt. No. 24.
[15] Dkt. No. 26.
[16] *See* LR7.3.
[17] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[19] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).
[20] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements"); *TRO-X, L.P. v. Anadarko Petrol. Corp.*, 548 S.W.3d 458, 464–65 (Tex. 2018) (alteration in original) (quoting *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984)) ("It is [a] well accepted postulate of the common law that a civil litigant who asserts an affirmative claim for relief has the burden to persuade the finder of fact of the existence of each element of his cause of action.").
[21] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[22] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony,[23] and must "articulate precisely how this evidence supports his claim,"[24] to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] If the movant fails to meet its initial burden, the motion for summary judgment "must be denied, regardless of the nonmovant's response."[26] Accordingly, the Court may not enter summary judgment by default,[27] but may accept a movant's facts as undisputed if they are unopposed.[28]

"A fact is 'material' if its resolution could affect the outcome of the action,"[29] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[30] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[31] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a

---

[22] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[23] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[24] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[25] *Celotex Corp.*, 477 U.S. at 322 (quoting FED. R. CIV. P. 56(c)).

[26] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[27] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[28] *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").

[29] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).

[30] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006); *see Bache v. Am. Tel. & Tel. Co.*, 840 F.2d 283, 287 (5th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) ("[T]o determine if an issue of material fact is genuine, we must then decide whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

[31] *Anderson*, 477 U.S. at 248.

pure question of law."[32] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[33] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[34] The Court is under no duty to sift through the record in search of evidence to support the nonmovant's opposition to summary judgment.[35]

**b. Analysis**

*1. PHI's Claim for Breach of Contract Against WFAS*

Analysis of the breach of contract claims in this case is governed by Texas law.[36] In Texas, "[b]reach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach."[37] PHI's business relationship with WFAS was governed by the March 1, 2019 "Patient Transport Services Agreement"[38] and the contract appears validly supported by consideration and executed by the parties.[39]

However, the Court finds that PHI has adduced insufficient proof of the second element: that Plaintiff performed or tendered performance as contractually required. PHI asserts in its motion that it provided the helicopter as required.[40] However, the only evidence that PHI proffers is the contract itself[41] (which obviously demonstrates nothing about whether PHI met the contractual obligations) and an affidavit executed by the chief operating officer of PHI that avers

[32] *Sheline v. Dun & Bradstreet Corp*., 948 F.2d 174, 176 (5th Cir. 1991).
[33] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[34] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[35] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[36] Dkt. No. 24 at 12.
[37] *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).
[38] Dkt. No. 14-1 at 1, ¶ 3 (citing Dkt. No. 14-2); *accord* Dkt. No. 14-1 at 1, ¶ 3.
[39] *See* Dkt. No. 14-2.
[40] Dkt. No. 26-1 at 2, ¶ 7 & n.3.
[41] *Id.* (citing Dkt. No. 14-2).

only that PHI entered the Patient Transport Services Agreement and that Defendant WFAS subsequently defaulted.[42] But entering an agreement and another party's default (elements 1 and 3) says nothing about whether the first party performed (element 2). The Court declines to blur or blend the elements required to demonstrate a breach of contract under Texas law. PHI also argues that "WFAS does not contend that PHI did not perform its obligations under the Contract to provide Transports as requested by WFAS,"[43] but this argument is an impermissible fallacious attempt to shift the burden of proof. As the movant seeking summary judgment, *PHI* must fastidiously proffer evidence and demonstrate its entitlement on each element of the claim.[44] The Court finds that PHI has not done so.[45] Accordingly, the Court **DENIES** PHI's motion for summary judgment with respect to PHI's breach of contract claim against WFAS.

*2. WFAS's Counterclaim for Breach of Contract*

PHI also moves for summary judgment on Defendant WFAS's counterclaim that PHI breached the parties' contract.[46] The Court has already awarded summary judgment to PHI on Intervenor HCEMS's claim for breach of contract.[47] WFAS was obligated by the Patient Transport Services Agreement to pay invoices within 30 days from receipt.[48] PHI first contends that WFAS failed to meet its contractual obligations to seasonably pay invoices and cure a payment default.[49] PHI's chief operating officer avers that WFAS defaulted under the parties' agreement and failed to cure an overdue balance of more than $500,000.[50] PHI also included a summary exhibit[51] indicating that numerous WFAS payments were overdue.[52] The Court may accept this uncontroverted evidence as proof of WFAS's failure to perform or tender

[42] Dkt. No. 14-1 at 1–2, ¶¶ 3–12.
[43] Dkt. No. 26-1 at 5, ¶ 28.
[44] *See supra* note 20.
[45] *See supra* notes 26, 35.
[46] Dkt. No. 26-1 at 7, ¶¶ 39–40.
[47] Dkt. No. 24 at 12–14.
[48] Dkt. No. 14-1 at 2, ¶ 5 (discussing Dkt. No. 14-2 at 20, ¶ D).
[49] Dkt. No. 26-1 at 7–8, ¶¶ 42–43.
[50] Dkt. No. 26-7 at 1–2, ¶¶ 3–4.
[51] *See* FED. R. EVID. 1006.
[52] Dkt. No. 26-7 at 3.

performance as contractually required.[53] Having demonstrated that WFAS cannot meet the second element of WFAS's breach of contract counterclaim, it is not necessary to reach PHI's other arguments.[54] Accordingly, the Court **GRANTS** PHI's motion for summary judgment with respect to WFAS's counterclaim for breach of contract against PHI[55] and **AWARDS** Plaintiff PHI favorable judgment as a matter of law on Defendant WFAS's breach of contract counterclaim.

## III. Conclusion and Holding

For the foregoing reasons, the Court **GRANTS** Plaintiff PHI's motion for summary judgment with respect to Defendant WFAS's counterclaim for breach of contract and **AWARDS** summary judgment to Plaintiff on the same, but **DENIES** the remainder of PHI's motion.[56] Plaintiff's claim for breach of contract and Intervenor's claim for intentional violation of Intervenor's automatic bankruptcy stay are the only claims that remain pending.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of July 2021.

Micaela Alvarez
United States District Judge

[53] *See supra* note 28.
[54] *See supra* note 22.
[55] *See* Dkt. No. 9 at 6, ¶¶ 41–45.
[56] Dkt. No. 26.