Case 7:20-cv-00196   Document 32   Filed on 08/19/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PHI HEALTH, LLC f/k/a PHI AIR MEDICAL, L.L.C., <br><br> Plaintiff, <br><br> VS. <br><br> WFAS, INC. <br><br> Defendant. <br> HIDALGO COUNTY EMERGENCY SERVICE FOUNDATION, d/b/a Hidalgo County EMS, and d/b/a South Texas Air Med, <br><br> Intervenor, <br><br> VS. <br><br> PHI HEALTH, LLC f/k/a PHI AIR MEDICAL, L.L.C., <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 7:20-cv-00196 |

## **OPINION AND ORDER**

The Court now considers Plaintiff and Intervenor's "Joint Motion to Amend Judgment, or in the Alternative, Relief from Judgment or Order."[1] On August 11, 2021, Plaintiff and Intervenor filed a joint motion for dismissal explaining that "[t]he Parties stipulate and agree to the dismissal of this case."[2] The Court granted dismissal under Federal Rule of Civil Procedure 41(a)(2) one day later.[3] In the instant joint motion, Plaintiff and Intervenor now complain that the case should not

---

[1] Dkt. No. 31.
[2] Dkt. No. 29 at 2, ¶ 6.
[3] Dkt. No. 30.

have been dismissed. Specifically, Plaintiff and Intervenor "mistakenly included language in the Motion to Dismiss and Order requesting a dismissal of 'this case' and 'proceeding' rather than merely [Intervenor's] 'claim' against [Plaintiff]" and did not realize the error until after the Court had dismissed and closed the case.[4] The parties seek relief under Federal Rules of Civil Procedure 59(e) or 60(b)(1).[5]

Rule 59(e) permits a motion to "alter or amend a judgment" if it is filed within 28 days after entry of the subject judgment. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] Contrary to the parties' argument that they "did not agree to, nor did they intend to agree to, the dismissal of [Plaintiff's] claim [sic] breach of contract claim against [Defendant],"[7] Plaintiff and Intervenor's August 11th joint motion quite clearly moved for "the dismissal of this proceeding" and "the dismissal of this case" without prejudice.[8] The Court therefore holds that there was no "manifest error of law or fact" in the Court's dismissal order and that the parties should have correctly matched their language to their intentions in the first place, or withdrawn their joint motion, before the Court's order of dismissal issued.

However, under Rule 60(b)(1), the Court may relieve a party or its counsel from a final judgment or order for mistake, inadvertence, or excusable neglect. Although generally an attorney's careless error or inadvertent mistake are not sufficient excuses for relief under

---

[4] Dkt. No. 31-1 at 2, ¶¶ 4–5.
[5] *Id.* ¶ 6.
[6] *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003) (quotations omitted).
[7] Dkt. No. 31-1 at 2, ¶ 3.
[8] Dkt. No. 29 at 1–2, ¶¶ 1, 6.

Rule 60(b)(1),[9] Rule 60(b) is to be given a liberal construction,[10] and whether to grant or deny relief under Rule 60(b) lies within the discretion of this Court.[11] Considering that the motion for relief from the Court's order of dismissal was filed quickly, and that the order of dismissal was not predicated on the merits of any claim, and that Plaintiff and Intervenor jointly seek relief from the order of dismissal,[12] the Court finds that equity favors reopening this case to permit Plaintiff to pursue its breach of contract claim. The Court **GRANTS** the joint motion for relief from the order of dismissal.[13] The Court **ORDERS** that Intervenor's claim for intentional violation of Intervenor's automatic bankruptcy stay remains dismissed without prejudice but that Plaintiff's claim against Defendant for breach of contract is revived. This case is re-opened. All parties' "[d]eadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law)" is August 23, 2021.[14] The Court **ORDERS** all parties to appear for a final pretrial conference and trial scheduling on **September 14, 2021, at 9:00 a.m.**[15] The expert designation, discovery, and dispositive motions deadlines have passed.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of August 2021.

                                                     Micaela Alvarez
                                                     United States District Judge

---

[9] *In re Deepwater Horizon*, 988 F.3d 192, 202 (5th Cir. 2021) (Haynes, J., concurring in part and dissenting in part) (collecting cases).
[10] *In re Casco Chem. Co.*, 335 F.2d 645, 651 n.18 (5th Cir. 1964).
[11] *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 373 (5th Cir. 2013).
[12] *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (collecting factors).
[13] Dkt. No. 31.
[14] *See* Dkt. No. 13 at 3.
[15] The Court modifies this deadline of the October 13, 2020 scheduling order.