United States District Court
Southern District of Texas
**ENTERED**
September 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PHI HEALTH, LLC f/k/a PHI Air Medical, L.L.C., §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>WFAS, INC. §<br>§<br>Defendant. § | CIVIL ACTION NO. 7:20-cv-00196 |

## OPINION AND ORDER

The Court now considers Plaintiff PHI Health, LLC f/k/a PHI Air Medical, L.L.C.'s "Motion for Leave to File Motion Under 56(e) to Submit Additional Evidence in Support of Motion for Summary Judgment."[1] Defendant has not filed a response and the time for doing so has passed, rendering Plaintiff's motion unopposed by operation of this Court's Local Rule.[2]

On June 21, 2021, Plaintiff sought favorable summary judgment on its claim against Defendant WFAS, Inc. for breach of contract and on Defendant's counterclaim for breach of contract.[3] The Court granted Plaintiff's motion only as to the latter, finding that Plaintiff had failed to establish all elements necessary to recover on its breach of contract claim.[4] The parties subsequently dismissed the case and all claims,[5] and the Court granted dismissal and closed the case.[6] Plaintiff and Intervenor then complained that they made a mistake and asked for the case to

---

[1] Dkt. No. 34.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 26.
[4] Dkt. No. 27.
[5] Dkt. No. 29.
[6] Dkt. No. 30.

be reopened with respect to Plaintiff's breach of contract claim,[7] which the Court granted.[8] In the instant motion, Plaintiff again tests the Court's tolerance for bad lawyering by asking the Court to revisit its July 26th opinion denying Plaintiff favorable summary judgment in light of previously available evidence only now tendered to the Court. The Court turns to the analysis.

## I. PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION UNDER RULE 56(E)

First, the Court notes that the dispositive motions deadline has lapsed.[9] Plaintiff's motion may be, and is intended to be, dispositive.[10] Therefore, Plaintiff requires the Court's leave to file a late motion.[11] Consistent with Plaintiff's haphazard approach to its case, Plaintiff does not address this issue. Nevertheless, the Court will treat Plaintiff's motion for leave to file a motion as a request for an extension of time under Federal Rule of Civil Procedure 6(b).

The Court may extend the time to act after a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."[12] "[D]istrict courts have 'broad discretion' to extend filing deadlines."[13] Relevant factors include: "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.'"[14] "'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the

---

[7] Dkt. No. 31.

[8] Dkt. No. 32.

[9] Dkt. No. 32 at 3.

[10] *See* Dkt. No. 34 at 2, ¶ 6.

[11] *See Prevmed, Inc. v. MNM-1997, Inc.*, No. 4:15-cv-2856, 2016 WL 3773399, at *10 (S.D. Tex. July 8, 2016) (Lake, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)) (holding that district courts generally preserve scheduling order deadlines).

[12] FED. R. CIV. P. 6(b)(1)(B).

[13] *Neurology & Neurophysiology Assocs. v. Tarbox*, 628 F. App'x 248, 251 (5th Cir. 2015) (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995)).

[14] *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting 4B ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed.)).

control of the movant."[15]  "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the [district] court's discretion whether to grant any motion to extend time under Rule 6(b)."[16]

The party potentially harmed by Plaintiff's motion is Defendant WFAS, Inc., who did not respond to Plaintiff's earlier motion for summary judgment[17] and who evidently did not compensate or properly communicate with its counsel (whom the Court eventually excused).[18] Defendant also did not respond to the instant motion. It appears that Defendant WFAS has ceased caring about these proceedings. Furthermore, Plaintiff appears to have acted in good faith by acquiring the additional evidence within one month after the Court's opinion denying summary judgment.[19]  On the other hand, Plaintiff's delay in acquiring the evidence now offered from its chief operating officer was almost entirely within its control, has resulted in the unnecessary waste of judicial resources which scheduling orders are meant to preserve,[20] and has nearly resulted in a conflict with the Court's September 14th final pretrial conference. The Court finds that the factors for testing Plaintiff's excusable neglect are approximately equally balanced, but that the tie goes to resolving the case on the merits on summary judgment rather than an unnecessary trial setting.[21] The Court therefore permits Plaintiff's overdue motion seeking leave under Federal Rule of Civil Procedure 56(e).

[15] *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993)).
[16] *Porto Castelo, Inc. v. BP Expl. & Prod.*, 716 F. App'x 373, 374 (5th Cir. 2018) (alteration in original) (quotation omitted).
[17] Dkt. No. 27 at 1.
[18] *See* Dkt. Nos. 23–25.
[19] *Compare* Dkt. No. 27, *with* Dkt. No. 34-4 at 2.
[20] The Court should not adjudicate any motion for summary judgment more than once.
[21] *See Berry v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1715482, at *2 (N.D. Tex. Apr. 19, 2013) ("As this is the only dispositive issue that remains, resolving it in a [second] motion for summary judgment rather than in a trial would conserve scarce judicial resources and be more efficient and cost effective for the parties.").

Turning to the merits of Plaintiff's motion, Plaintiff argues that the Court should permit it to cure the deficiency identified in the Court's July 26 opinion and order—specifically, Plaintiff's failure to show that it performed or tendered performance as contractually required—by offering an additional (the third) affidavit of its chief operating officer and additional evidence.[22] Under Federal Rule of Civil Procedure 56(e)(1), the Court may grant Plaintiff an opportunity to properly support or address its own contractual performance because Plaintiff earlier failed to support its assertions of fact. "[T]he district court may reconsider a previously denied summary judgment motion even in the absence of new material presented."[23] Plaintiff argues that permitting it leave to file the new evidence will "establis[h] the sole remaining issue, i.e. the element of performance, which the Court determined was absent from [Plaintiff's] previous submission."[24] The Court agrees and holds that Plaintiff's motion for leave to submit additional evidence is **GRANTED**.[25]

## II. PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL EVIDENCE

The Court **GRANTS** Plaintiff's motion to submit additional evidence[26] and now considers Plaintiff's additional evidence. The Court restates that a "[b]reach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach."[27] Again, the March 1, 2019 Patient Transport Services Agreement is a valid contract.[28] With respect to the second element, the Court finds that Plaintiff's new evidence demonstrates that Plaintiff

---

[22] Dkt. No. 34 at 1, ¶ 5.

[23] *Enlow v. Tishomingo Cnty.*, 962 F.2d 501, 507 (5th Cir. 1992), *cited in Wash. Int'l Ins. Co. v. Rafael A. Morales, Inc.*, No. 5:06-cv-56, 2008 WL 11504239, at *3 (S.D. Tex. Mar. 10, 2008) (Alvarez, J.) (electing to consider a renewed motion for summary judgment and an untimely affidavit in support).

[24] Dkt. No. 34-3 at 4, ¶ 17.

[25] Dkt. No. 34.

[26] Dkt. No. 34-2.

[27] *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

[28] Dkt. No. 27 at 5 & nn.38–39.

performed or tendered performance as contractually required. Plaintiff's chief operating officer avers that "PHI performed all medical transports by helicopter as requested by WFAS and as required under the Contract"[29] and substantiates his assertion with numerous load manifests dated in May and June 2020 that indicate flights taken,[30] a spreadsheet of recorded flights and related information dated from June 2019 to June 2020[31] that he avers "accurately list all flights made by PHI under the Contract on a month-to-month basis,"[32] and invoices evidently transmitted to Defendant listing flight hours and requesting payment dated in May and June 2020.[33] The Court finds that this uncontroverted evidence establishes that Plaintiff performed the "flight transportation services" as required by the March 1, 2019 Patient Transport Services Agreement and satisfies Plaintiff's requirement to demonstrate that it tendered contractual performance.[34]

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Having permitted and considered Plaintiff's new evidentiary submission, the Court now revisits Plaintiff's motion for summary judgment.[35]

#### a. Breach of Contract

Plaintiff argues that Defendant has admitted its breach of contract.[36] Defendant WFAS, Inc., under Federal Rule of Civil Procedure 36(b), judicially admitted that "the amount owed by WFAS under the Agreement was $581,310.64" at the time of termination of the contract in late June 2020.[37] This admission conclusively establishes that Defendant WFAS failed to pay and

---

[29] Dkt. No. 34-4 at 1, ¶ 4 (parenthetical omitted).
[30] Dkt. No. 34-5.
[31] Dkt. No. 34-6.
[32] Dkt. No. 34-4 at 2, ¶ 7.
[33] Dkt. No. 34-7.
[34] *See* Dkt. No. 14-2 at 1–2, art. II.
[35] Dkt. No. 26.
[36] Dkt. No. 26-1 at 6, ¶¶ 33–34.
[37] Dkt. No. 26-4 at 4, Q&A 13; *see* Dkt. No. 26-2 at 1, ¶ 4 (averring that the admission is true and correct).

thereby breached the parties' agreement[38] and establishes the proper measure of damages for Plaintiff's breach of contract claim. "The normal measure of damages in a breach-of-contract case is the expectancy or benefit-of-the-bargain measure. The purpose of this measure of damages is to restore the injured party to the economic position it would have occupied had the contract been performed."[39] Indeed, $581,310.64 is the principal amount that Plaintiff seeks.[40]

### b. Attorney Fees and Costs

Plaintiff also alleged that it is entitled to recover attorney fees pursuant to Texas Civil Practice and Remedies Code § 38.001.[41] In its motion for summary judgment, Plaintiff claims "$68,075.60 in legal fees and $1,244.85 costs [sic] prosecuting this matter."[42] A plaintiff may recover attorney fees when that plaintiff prevails and recovers damages on a cause of action for which attorney fees are available.[43] The amount of the attorney fee award is within the Court's discretion, and "it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted."[44] The Court must award attorney fees for a successful breach of contract action "if there is proof of the reasonableness of attorney's fees."[45] While the Court "may take judicial notice of the usual and customary attorney's fees and of the contents of the case

[38] *See* Dkt. No. 14-2 at 5, art. VI. (agreement to pay).
[39] *Parkway Dental Assocs. v. Ho & Huang Properties, L.P.*, 391 S.W.3d 596, 607 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citation omitted).
[40] Dkt. No. 34-3 at 5.
[41] Dkt. No. 1 at 3, ¶ 16.
[42] Dkt. No. 26-1 at 7, ¶ 38; *accord* Dkt. No. 34-3 at 5.
[43] *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)).
[44] *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 516–17 (Tex. App.—Fort Worth 2009, no pet.).
[45] *Hassell Constr. Co. v. Stature Com. Co.*, 162 S.W.3d 664, 668 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

file without receiving further evidence,"[46] nonetheless, the Court may only award "reasonable and necessary" attorney's fees.[47] The Court similarly must award costs.[48]

In this case, the only evidence of attorneys' fees and costs is as follows. Michael L. Vincenzo, counsel for Plaintiff PHI, attached an exhibit to his affidavit that he avers "is a true and correct copy of the billing summary for attorneys' fees and costs incurred in connection with this matter."[49] The relevant exhibit is a 2-page document entitled "Detailed Accounts Receivable Ledger by Matter," and it includes entries of dates, dollar amounts billed, and dollar amounts paid.[50] Plaintiff adduced no other evidence or arguments of the substance or reasonableness of attorney fees or costs sought,[51] and the Court is not laden with the duty to ferret out the reasonableness of either.[52] The accounts receivable ledger is a mere accounting document—it contains no description of the work done, hours billed, how costs were incurred, or even what hourly rate governed the amount billed. The Court finds the evidence insufficient to establish the reasonableness or substance of attorney fees or costs. While the Court may take judicial notice of usual and customary attorney's fees, it is not required to take judicial notice of the necessity of these fees.[53] Thus, without any evidence of the necessity of the requested fees or costs, the Court denies Plaintiff's request.

### c.   Interest

---

[46] *Carlyle Real Est. Ltd. P'ship-X v. Leibman*, 782 S.W.2d 230, 233 (Tex. App.—Houston [1st Dist.] 1989, no pet.).
[47] *Dilston House Condo. Ass'n v. White*, 230 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citation omitted) ("Before a court can award attorney's fees, the party requesting the fees must prove they are reasonable and necessary. Even when an award of attorney's fees is mandatory under an applicable statute, the requesting party is still required to offer evidence to support an award.").
[48] TEX. R. CIV. P. 131; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)  (West 2021).
[49] Dkt. No. 26-2 at 2, ¶ 7.
[50] Dkt. No. 26-6.
[51] *See* Dkt. No. 26-1 at 7, ¶¶ 37–38 & n.25; Dkt. No. 34-3 at 5.
[52] *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[53] *See supra* note 47.

Plaintiff lastly requests the Court award "interest at the rate of 1% per month from June 21, 2020 until paid."[54] The Court turns to state law to ascertain the proper measure of prejudgment interest.[55] Texas law requires prejudgment interest be awarded on a successful breach of contract action.[56] Prejudgment interest is "equal to the postjudgment interest rate applicable at the time of judgment,"[57] and begins accruing simple, noncompounding interest "beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered."[58] With respect to postjudgment interest, the Court "shall" allow postjudgment interest on a money judgment pursuant to applicable law.[59] The present applicable postjudgment interest rate is 0.07%.[60] Accordingly, Plaintiff is entitled to 0.07% of simple prejudgment interest on the $581,310.64 in breach of contract damages (but not on any attorney fees or costs award[61]) from the date of filing suit, viz. July 21, 2020,[62] until the day before this Court renders final judgment. Plaintiff is also entitled to 0.07% in compounding postjudgment interest pursuant to 28 U.S.C. § 1961.

## IV. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file a motion under Federal Rule of Civil Procedure 56(e),[63] **GRANTS** Plaintiff's motion to submit additional

---

[54] Dkt. No. 26-1 at 10; Dkt. No. 34-3 at 5.
[55] *Bos. Old Colony Ins. Co. v. Tiner Assocs.*, 288 F.3d 222, 234 (5th Cir. 2002).
[56] *Ho & Huang Properties, L.P. v. Parkway Dental Assocs.*, 529 S.W.3d 102, 123 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 460 (N.D. Tex. 2016).
[57] TEX. FIN. CODE ANN. § 304.103 (West 2021).
[58] *Id.* § 304.104.
[59] 28 U.S.C. § 1961(a).
[60] *Post-Judgment Interest Rates*, U.S. DIST. CT. FOR THE S. DIST. OF TEX. (last visited Sept. 13, 2021), https://www.txs.uscourts.gov/page/post-judgment-interest-rates.
[61] *Carbona v. CH Med., Inc.*, 266 S.W.3d 675, 688 (Tex. App.—Dallas 2008, no pet.) ("[P]rejudgment interest cannot be recovered on attorney's fees.").
[62] Dkt. No. 1.
[63] Dkt. No. 34.

evidence under Rule 56(e),[64] and **GRANTS** Plaintiff's motion for summary judgment in light of the additional evidence.[65] The Court **AWARDS** Plaintiff PHI Health, LLC judgment against Defendant WFAS, Inc. in the amount of $581,310.64 in breach of contract damages, and prejudgment interest in the amount of $466, for a grand total of **$581,776.64,** together with postjudgment interest on the entire award[66] at the rate of 0.07% pursuant to 28 U.S.C. § 1961 beginning on the date of this Court's final judgment. This opinion and order resolves all matters and claims pending in this case. The Court's final judgment will follow.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of September 2021.

Micaela Alvarez
United States District Judge

---

[64] Dkt. No. 34-2.
[65] Dkt. No. 26.
[66] *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017) (Hittner, J.) (citing cases and holding that postjudgment interest applies to the entire judgment amount).